UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-24470-CIV-MARTINEZ/OTAZO-REYES

KIMBERLY CONWAY,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS IN LIMINE

**THIS MATTER** comes before the Court upon Plaintiff's Motion in Limine, (ECF No. 56), and Defendant's Motion in Limine, (ECF No. 93). After careful consideration, and being otherwise fully advised, the Court finds as follows.

Motions in limine "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mowbray v. Carnival Corp.*, 2009 WL 10667070, at *2 (S.D. Fla. April 13, 2009) (quoting *Bowden v. Wal-Mart Stores, Inc.*, No. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001)). Yet, they are generally disfavored, so "it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Id.* (internal citations omitted); *see Holderbaum v. Carnival Corp.*, No. 13-24216-CIV, 2015 WL 12085846, at *1 (S.D. Fla. March 4, 2015). A court, therefore, "has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17, 2007 WL 1752838, at *1 (M.D. Fla. June 18, 2007)). "If evidence is not clearly

inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Mowbray*, 2009 WL 10667070, at *6. The burden of demonstrating that the evidence is inadmissible on any relevant ground rests with the movant. *Id.* (citing *Bowden*, 2001 WL 617521, at *1). "Even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Mowbray*, 2009 WL 10667070, at *6 (quoting *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)).

At the outset, the Court notes that the parties cite to Florida law to support their positions. Federal maritime law applies to actions arising from alleged torts "committed aboard a ship sailing in navigable waters." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989). This action involves torts that occurred on navigable waters, which triggers federal admiralty jurisdiction and therefore maritime law, "irrespective of the jurisdictional allegations of the pleading." *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Int'l Marine Corp.*, 519 F. Supp. 3d 1145, 1149 (S.D. Fla. 2021). Indeed, "general federal maritime law is applied regardless of whether the suit is brought in the admiralty forum, on the "law side" of the federal court in diversity or in state court." *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1353 (S.D. Fla. 2007); *Crouch v. Carnival Corp.*, No. 06-22660-CIV, 2007 WL 9702149, at *4 n.6 (S.D. Fla. Oct. 30, 2007) (applying maritime law despite diversity allegations in the pleading). Moreover, "admissibility of evidence in federal courts is governed by federal law." *Borden, Inc. v. Fla. East Coast Railway Co.*, 772 F.2d 750, 754 (11th Cir. 1985).

The parties make numerous requests in their motions in limine. Plaintiff makes *ten* requests and Defendant makes *twenty* requests. Many of these requests are overbroad or are premised on incorrect law. "Although motions *in limine* often can be helpful to litigants and judges, courts

asked to address motions in limine sometimes are 'handicapped in any effort to rule on subtle evidentiary questions outside a factual context.'" *Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. 2020) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The parties expect the Court to make rule on evidentiary issues in a vacuum, and the Court declines to do so where appropriate. With this in mind, the Court turns to the parties' specific requests in turn below.

### I. Plaintiff's Motion in Limine

#### A. Videos

Plaintiff first requests to exclude from evidence seven videos untimely disclosed by Defendant. Defendant responds that it will not seek to introduce these videos into evidence at trial, but rather, it will use them as demonstrative aid during the testimony of its expert witness, Tyler Kress. At this time, without the benefit of seeing the videos or hearing the proffered testimony, the Court is not in a position to rule on whether the videos can be used as demonstrative aid. *See Apple Inc. v. Corellium, LLC*, No. 19-81160-cv, 2021 U.S. Dist. LEXIS 123082, at *5–6 (S.D. Fla. June 30, 2021). These issues "can only be dealt with during the crucible of trial on a proper objection and cannot be ruled upon in advance in a motion in limine." *Id.* at *5 (citation omitted). Plaintiff's Motion is therefore denied as to this request.

#### B. Evidence of Non-Occurrence of Prior Similar Incidents

Plaintiff seeks to exclude any evidence or testimony concerning the non-occurrence of prior similar incidents. "Evidence of the absence of prior accidents is admissible, but the party seeking to rely on it must show that conditions during the period in question were substantially similar to those prevailing at the time of the accident." *Baptista v. Carnival Corp.*, No. 17-cv-22115, 2018 WL 1226041, at *2 (S.D. Fla. March 5, 2018) (citing *Holderbaum v. Carnival Corp.*, No. 13-cv-24216, 2015 WL 12085846, *3 (S.D. Fla. Mar. 4, 2015)). Once again, without more

context, the Court cannot exclude this evidence at this stage without giving Defendant an opportunity to lay the proper foundation as to whether the conditions of the non-occurrences were substantially similar to Plaintiff's circumstances. Any such ruling at this point would be premature given the lack of information on the record. As such, this request is denied.

### C. Prior Incidents

Plaintiff further seeks to exclude evidence of prior incidents she has suffered. In particular, Plaintiff asks the Court to preclude any testimony regarding two particular incidents. In one incident, she tripped over a dog toy and sustained injuries to her shoulder. In the other, she stepped into a hole and sustained a hairline fracture to her right foot. She contends that evidence of these prior incidents and injuries is not relevant and would be unduly prejudicial.

The Court disagrees with Plaintiff. Evidence of Plaintiff's prior incidents is relevant to her propensity to fall and her pre-existing orthopedic health conditions. *See Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 4990902, at *3 (S.D. Fla. Aug. 20, 2021). Such evidence could "provide[] a possible explanation for [Plaintiff's] harm other than [Defendant's] negligence." *Higgs v. Costa Crociere S.p.A.*, 720 F. App'x 518, 520 (11th Cir. 2017). When considering whether to exclude evidence, the balance must be struck in favor of admissibility, and "[t]he defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense." *Id.* (quoting *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069–70 (11th Cir. 2014)). Therefore, this request is denied.

### D. Surveillance Materials

Next, Plaintiff asks the Court to exclude any photographs or surveillance videos from being admitted at trial because Defendant failed to disclose them pursuant to Federal Rule of Civil Procedure 26. Defendant responds that it does not intend to introduce any surveillance videos at

trial, and it is not required to disclose evidence that will be offered at trial for impeachment purposes only. Rule 26(a)(1)(A)) exempts evidence used solely for impeachment from the initial-disclosure obligation, and Rule 26(a)(3)(A) makes the same exemption for pretrial disclosures. *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) ("Rule 26(a)(3) exempts evidence used solely for impeachment because pretrial disclosure would significantly diminish its impeachment value."). Thus, Defendant was not required to disclose the videos and photographs, and they can be used at trial for impeachment purposes only. Plaintiff's motion on this issue is denied.

    E. References to Expert as "Independent" or the Examination as an "IME"

Plaintiff requests that Celebrity be excluded from referring to its expert as "independent" or "court appointed." Plaintiff takes issue with the title of the expert, rather than the evidence itself. This argument is without merit. To begin with, the expert's title is not evidence. Further, Plaintiff fails to suggest why this title, which is commonly used by courts, is improper or a "clear representation of the [expert's] neutrality." (*See* ECF No. 56 at 8).

    F. Corporate Representative Statements

Plaintiff also requests that Defendant's corporate representative be precluded from contradicting her deposition testimony at trial. To meet her burden of establishing that such evidence should be excluded, Plaintiff, as the moving party, must indicate how the corporate representative's testimony might change, or why Plaintiff would be unable to address such change upon cross examination. *Johnson v. Carnival Corp.*, No. 19-cv-23167, 2021 WL 1379209 (S.D. Fla. Apr. 12, 2021). Plaintiff has plainly failed to meet this burden, as it has neither indicated how Defendant's corporate representative's testimony might change or why she would be unable to address the inconsistent testimony on cross-examination. Moreover, Plaintiff's contentions that

the corporate representative's testimony will differ from the testimony she gave during her deposition is merely speculative and does not warrant preemptive exclusion of trial testimony. Rather, Plaintiff may impeach the corporate representative with the deposition testimony at trial if appropriate. Plaintiff's motion is denied as to this issue.

### G. Details of Attorney Hiring

Further, Plaintiff asks the Court to exclude any reference to the timing and circumstances under which she consulted with or hired an attorney. Such evidence is inadmissible as irrelevant and used to establish litigiousness. *See Tennant v. Handi-House Mfg. Co.*, No. 16-cv-1276-J-25 MCR, 2018 WL 8248898, at *3 (M.D. Fla. July 26, 2018). Thus, this request is granted.

### H. Secondary Gain, Symptom Magnification, Somatoform Disorder and Malingering

Plaintiff seeks to preclude Defendant from eliciting testimony from its experts regarding secondary gain, symptom magnification, somatoform disorder, and malingering. Once again, Plaintiff cites no binding authority to support her proposition. Nor does Plaintiff provide the Court with sufficient context to rule on the matter in advance of trial. Plaintiff's expert may testify as to any opinions rendered in their expert reports. This request is denied.

### I. References to "Lawsuit Pain" or Malingering

Plaintiff contends that she anticipates Defendant "may make reference to, or comment on, the Plaintiff's 'lawsuit pain' or imply that the Plaintiff is malingering or exaggerating his [sic] symptoms as a result of his [sic] lawsuit." (ECF No. 56 at 12). She also requests that defense counsel be precluded from suggesting that Plaintiff is committing fraud upon the court or attempting to "cash in a lottery ticket." Defendant agrees it will not argue that Plaintiff is committing fraud upon the Court or attempting to "cash in a lottery ticket." Therefore, Plaintiff's motion is granted as to these statements only. All other requests are denied.

J.  Defendant's Safety Meeting Minutes

Finally, Plaintiff seeks to admit Defendant's safety meeting minutes into evidence. Plaintiff appears to be arguing that these statements are admissible as they constitute business records, but she offers no foundation of a custodial authentication. Nor has Plaintiff provided the meeting minutes for the Court to review. Meeting minutes likely fall within the business records exception to the hearsay rule set forth in Federal Rule of Evidence 803(6) and would thus be admissible at trial if accompanied by proper testimony. *See Sheppard v. Peters*, 2009 WL 10702049, at *11 (N.D. Ga. May 13, 2009). At this time, however, for the reasons stated herein, the request is denied.

**II.  Defendant's Motion in Limine**

A.  Uncontested Requests

Defendant makes several requests that are uncontested by Plaintiff. These include exclusion of the following: (1) comments by counsel concerning personal knowledge or justness of Plaintiff's case; (2) reference or argument concerning a jury's award or settlement in another case; (3) reference to Defendant's insurance; and (4) reference to the parties' economic standing. Because Plaintiff consents, the Defendant's motion is granted as to these four issues.

B.  Treating Physicians' Testimony

Defendant seeks to preclude Plaintiff's experts from testifying as expert witnesses. "When a treating physician testifies regarding opinions 'formed and based upon observations made during the course of treatment,' the treating physician need not produce a Rule 26(a)(2)(B) report." *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (citation omitted). Likewise, "because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based

7

on the examination and treatment of the patient." *Levine v. Wyeth, Inc.*, No. 8:09-cv-854-T-33AEP, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010). "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Id.*; *see also McGuire v. Davis*, 437 F.2d 570, 572-73 (5th Cir. 1971) (finding objection to doctor's testimony as to causation without merit because "a physician who has examined an injured party may describe what he has seen and give his expert inferences therefrom"); *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *5 (S.D. Fla. Apr. 4, 2013).

That said, "once the treating physician expresses an opinion unrelated to treatment which is 'based on scientific, technical, or other specialized knowledge,' that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by *Daubert*." *Wilson v. Taswer Intern., Inc.*, 303 F. App'x 708, 712 (11th Cir. 2008) (quoting *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)). Moreover, "[w]here a doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Levine*, 2010 WL 2612579, at *1 (citing *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996)).

Plaintiff's treating physicians may not offer expert testimony, but they are permitted to discuss the treatment and care provided to Plaintiff, as well as their opinions on causation, so long as they testify about their observations based on their personal knowledge and treatment of Plaintiff. In other words, the treating physicians may not testify regarding the cause of Plaintiff's injuries if determining how Plaintiff was injured was not needed to treat Plaintiff. *See Wilson*, 303 F. App'x at 712. Because Defendant does not clearly specify which opinions it seeks to preclude,

the Court will address the testimony of Plaintiff's treating physicians at trial. Thus, the motion is denied on this issue.

### C. Speculation and Inflammatory Language

Defendant further asks the Court to exclude Plaintiff from speculating as to the source of the water and the length of time the water was on the deck. It also asks that Plaintiff be precluded from introducing "inflammatory language" or evidence which serve only to provoke sympathy and empathy from the jury. These requests are denied as premature, as they present generalized evidentiary matters that are more appropriately left for the Court to address at trial, if necessary.

### D. Improper Statements of Law

Defendant argues generally that Plaintiff should not be permitted to make improper statements of law. In closely reading Defendant's request, however, it appears that Defendant is in fact arguing that Plaintiff should be precluded from discussing the law at all. Plaintiff counters that it does not intend to misstate the law, but that it should be permitted to refer to the law during opening statements and closing arguments. The Court agrees. Certainly, Plaintiff is precluded from misstating the law and the Court will instruct the jury on the proper law. But the parties are allowed to argue what they expect the law will be. Defendant may decide to counter Plaintiff's misstatements of the law, if any, in its own argument. Accordingly, this request is denied.

### E. Medical Records and Bills

Defendant contends that Plaintiff should be precluded from introducing any medical records or bills that were not timely produced by the close of discovery. Plaintiff counters that she has an ongoing obligation under the Federal Rules of Civil Procedure to supplement discovery. She also argues that Defendant has also failed to disclose evidence and should also not be permitted to use it at trial. The parties will not be permitted to use any evidence disclosed after the close of

discovery at trial. The parties' ongoing obligation to supplement discovery does not give them free-range to supplement with new discovery. The proponent of untimely discovery bears the burden of establishing substantial justification or harmlessness. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Courts have broad discretion in determining whether untimely discovery supplementation is substantially justified or harmless and consider the following factors: (1) surprise to the opposing party; (2) the opposing party's ability to cure the surprise; (3) any delay in trial that would be caused by allowance of the evidence; (4) importance of the evidence; and (5) the proponent's excuse for the delay in disclosure. *Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1359 (S.D. Ga. 2012), *aff'd*, 523 F. App'x 580 (11th Cir. 2013). Here, Plaintiff has failed to meet her burden, and the factors point in favor of exclusion. This request is granted.

    F.  <u>Collateral Source Rule</u>

Defendant argues that, if Plaintiff introduces evidence of the total amount of medical bills charged by Plaintiff's medical providers, Defendant should be permitted to introduce evidence of the amounts paid by collateral sources. Interestingly, Defendant cites *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020) in support. *Higgs*, however, does not support this position.

The collateral source rule serves two roles: a substantive and an evidentiary role. "In its substantive role, the collateral source rule provides that a plaintiff is entitled to recover the full value of the damages caused by a tortfeasor, without offset for any amounts received in compensation for the injury from a third party[.]" *Higgs*, 969 F.3d at 1310 (11th Cir. 2020) (citing *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980)[1] ("[T]he rule prohibits

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

10

the introduction of evidence offered to show that [a plaintiff] already has been compensated for his injuries.")). In its evidentiary role, the rule "bars the admission of evidence of payments made by third parties." *Higgs*, 969 F.3d at 1310. *Higgs* applies the long-standing collateral source rule to maritime tort cases. *Id.* at 1311. Consistent with *Higgs*, the parties may introduce evidence of the entire amount billed by medical providers, but cannot introduce evidence that the bills were paid, in total or in part, by a collateral source. Write-offs, however, are not considered collateral payments and evidence of write-offs may be introduced at trial. *Id.* at 1314–15. Defendant's request is therefore denied.

### G. Loss Wages and Earning Capacity

Defendant asks the Court to exclude reference to Plaintiff's future loss of wages and earning capacity merely because "[t]he record evidence shows that Plaintiff has had higher income after the alleged injury than before." (ECF No. 93 at 8). This does not warrant exclusion of this evidence. Once again, Defendant may elicit testimony and introduce evidence at trial regarding Plaintiff's income after the incident, and the jury will assess all the evidence and determine Plaintiff's credibility as to her future loss. This request is denied.

### H. Defendant's Internal Policies and Procedures

Next, Defendant contends that its internal policies and procedures should be excluded from trial because Plaintiff intends to argue that this is the standard of care Defendant was subjected to. The Court declines to exclude this evidence on this basis. The policies and procedures are relevant, and the Court will instruct the jury on the appropriate standard of care.

### I. CCTV Footage

None of the CCTV footage captured Plaintiff's incident and Defendant anticipates that Plaintiff will claim that Defendant "purposefully deleted, withheld, lost or destroyed CCTV

footage[.]" (ECF No. 93 at 11). Defendant seeks to preclude Plaintiff from doing so. Yet, Plaintiff is free to challenge credibility and raise doubts based on the lack of evidence or gaps in evidence before the jury. *See Foulke for Estate of Young v. Weller*, 2022 WL 766662, at *2 (N.D. Fla. March 14, 20222). Notwithstanding, the Court cautions Plaintiff to tread lightly on this matter, as there has been no adverse inference in this case, and the Court will not allow Plaintiff to elicit speculative testimony at trial.

### J. Hearsay Statements

Defendant expects that Plaintiff will testify as to an out-of-court statement made to her by an unidentified man and it seeks to exclude this statement as hearsay. Plaintiff counters that this statement falls within one of two hearsay exceptions: present sense impression or excited utterance, pursuant to Federal Rules of Evidence 801(1) and 801(2), respectively. Plaintiff proffers that when she fell, a male passenger came to her aid, and as he reached down to help her, he stepped on the puddle Plaintiff had slipped on, and said, "oh, my gosh, this floor is like ice." (ECF No. 106 at 11). According to Plaintiff, the man said this as he himself stepped on the puddle, where he nearly slipped. Defendant does not appear to contest that this is a hearsay exception but challenges the reliability of the testimony given the declarant's unknown identity. Notably, Defendant cites no binding authority to support its contention. The Court finds that this statement falls under the present sense impression exception to the hearsay rule, pursuant to Rule 801(1). The motion is denied as to this request.

K. Expert Testimony as to Future Care[2]

Defendant argues that Plaintiff's expert opinions as to future care are "unreliable, speculative, and inconsistent with the facts[.]" (ECF No. 93 at 13). According to Defendant, Plaintiff's experts make recommendations for future care that none of Plaintiff's treating physicians make and there is no evidence to support these conclusions. Defendant's *Daubert*[3] motion will not be entertained at this late stage. The deadline to file *Daubert* motions has long passed and Defendant failed to file any motions. Even if the Court were to entertain Plaintiff's untimely request, however, Defendant has not proffered sufficient evidence for the Court to make a finding that the expert opinions rendered by Plaintiff's experts are unreliable. Simply arguing that Plaintiff has not presented evidence to support the experts' findings, as Defendant does here, is not enough. Accordingly, this request is denied.

L. Meeting Minutes of Other Vessels

Plaintiff intends to introduce safety meeting minutes of other ships operated by Defendant. Defendant seeks to exclude this evidence because it is not relevant to the case at hand. The Court agrees and grants this request.

M. Prior Incidents and Safety Meeting Minutes

Defendant seeks to preclude Plaintiff from referencing prior incidents in Defendant's vessel because they are not substantially similar Plaintiff's incident. Defendant anticipates that Plaintiff will attempt to introduce evidence of thirteen prior incidents. Similarly, the safety

---

[2] In one sentence, Defendant also argues that "any undisclosed opinions should be excluded too." Nothing in the record shows that Plaintiff's experts intend on testifying about opinions not disclosed in their reports. But to the extent they are, the request is granted.

[3] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

meeting minutes include references to incidents that occurred on the pool deck and elsewhere on the vessel, which Defendant argues are not relevant and are unduly prejudicial.

To admit evidence of prior incidents, the "substantial similarity" doctrine requires that the Court find that "conditions substantially similar to the occurrence in question must have caused the prior accident." *James v. Otis Elevator Co.*, 861 F.2d 655, 661–62 (11th Cir. 1998). While "identical circumstances" are not required, the conditions surrounding the incidents must be similar enough to allow the jury to draw a reasonable inference concerning Defendant's ability to foresee this type of incident. *See Borden, Inc. v. Florida East Coast Railway Co.*, 772 F.2d 750, 755 (11th Cir. 1985). Plaintiff bears the burden of proving that the prior incident "occurred under substantially similar conditions to those of Plaintiff's incident." *Marshall v. Royal Caribbean Cruises, Ltd.*, No. 16-CV-21140, 2017 U.S. Dist. LEXIS 219115, at *25 (S.D. Fla. Jan. 6, 2017), *aff'd*, 706 F. App'x 620 (11th Cir. 2017).

Both parties have failed to provide sufficient information for the Court to determine whether each incident is "substantially similar" to the case at hand, and whether the safety meeting minutes are relevant. A ruling on this matter is more appropriate at trial. For this reason, the Motion is denied on this issue.

N. <u>Subsequent Incidents and Previous Repairs</u>

Defendant moves to exclude evidence of subsequent incidents that occurred on Defendant's vessel and evidence of previous repairs on Defendant's vessel. Plaintiff argues that subsequent incidents are admissible, but nevertheless states that she will not introduce evidence of subsequent incidents at trial. As such, the Court need to address this issue and the request is

denied.[4] Similarly, Plaintiff states that she will not seek to admit repair logs. Accordingly, the request is denied.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion in Limine, (ECF No. 56), is **GRANTED in part and DENIED in part without prejudice**.

2. Defendant's Motion in Limine, (ECF No. 93), is **GRANTED in part and DENIED in part without prejudice**.

3. If appropriate, either party may raise these issues at trial—in a sidebar conference or outside the presence of the jury—if, and only if, they believe the other party has opened the door to this evidence. The Court **ADVISES** counsel to tread lightly around these issues and exercise an abundance of caution.

DONE AND ORDERED in Chambers at Miami, Florida this 22nd day of April, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Otazo-Reyes
All counsel of record

---

[4] To the extent Plaintiff later seeks to admit evidence of subsequent incidents, she will need to prove that the incidents occurred under similar circumstances and are relevant to the case at hand. *See Straight v. Busch Entertainment Corp.*, No. 8:05-cv-1864-T-24 MAP, 2006 WL 3313747, at *2 (M.D. Fla. Nov. 13, 2006).